UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES LEE SKINNER                                                               PLAINTIFF

v.                                                           CIVIL ACTION NO. 3:15cv708-DPJ-FKB

RON KING, et al.                                                              DEFENDANTS

ORDER

This pro se prisoner case is before the Court on two motions for summary judgment, filed on behalf of four of the nine defendants: Carl Arnold's Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies [36] and Latasha Brooks, Ron King, and Brian Ladner's Motion for Summary Judgment [43], in which Defendants Carl Arnold, Anthony Health, Frederick Henderson, Daniel Lonie, and Aaron Spann have joined in part [45]. For the reasons that follow, both motions are granted, and the partial joinder is sustained.

I.      Facts and Procedural History

Plaintiff James Lee Skinner ("Skinner") was a state inmate housed at the Central Mississippi Correctional Facility ("CMCF") in Pearl, Mississippi, in 2015.[1] Skinner claims that on April 11, 2015, at the behest of Defendant Ron King ("King"), K-9 officers conducted a shakedown of his housing unit in an effort to confiscate cell phones from inmates. Skinner claims that he was beaten by several CMCF officers during this shakedown and that he was transported to Central Mississippi Medical Center ("CMMC") to treat the injuries he sustained. Skinner says that on his way back from CMMC, Defendant Carl Arnold ("Arnold") stopped the vehicle in which he was being transported, choked him, and tried to break his fingers.

---

[1] Skinner has since been released from his incarceration. Not. of Change of Address [39].

The following day, April 12, 2015, Skinner says he received a Rule Violation Report ("RVR") on a false claim that he assaulted a corrections officer. He claims that Defendant Latasha Brooks handled the RVR and should have dismissed the charges against him; instead, she found him guilty. He also claims that Defendant Brian Ladner improperly denied his appeal of the guilty finding on the RVR. As a result of that guilty finding, Skinner lost all privileges for 60 days.

Skinner filed this § 1983 lawsuit against King, Arnold, Brooks, Ladner, and others on October 5, 2015. Arnold filed his motion for summary judgment on October 5, 2016; Brooks, King, and Ladner moved for summary judgment on February 8, 2017; and Defendants Arnold, Anthony Health, Frederick Henderson, Daniel Lonie, and Aaron Spann joined the latter summary-judgment motion in part on February 8, 2017. Skinner failed to file responses to the motions, and the time to do so under the local rules has now expired. The Court has personal and subject-matter jurisdiction and is prepared to rule.

II. Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The

nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

Where, as here, the nonmovant fails to respond to a motion for summary judgment, "summary judgment cannot be granted by default." Fed. R. Civ. P. 56, advisory committee notes to 2010 amendments. Instead, the Court may "consider the fact[s presented by the movant] undisputed for purposes of the motion" and may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e). "Usually, where the nonmovant fails to respond to a motion for summary judgment, he is relegated to his unsworn pleadings, which do not constitute summary judgment evidence." *Knoop v. Douglas*, No. 2:09cv148, 2010 WL 4007752, at *3 (N.D. Tex. Oct. 12, 2010). Here, however, Skinner's § 1983 complaint was signed and declared to be true and correct under penalty of perjury. Compl. [1] at 8. And Skinner gave sworn testimony at a *Spears* hearing.[2] While the Court is not required to consider materials other than

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

those cited by the parties, "it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The Court has considered the record as a whole in ruling on the pending motions.

III. Analysis

   A.   Arnold's Motion

Arnold argues he is entitled to summary judgment on Skinner's claims against him because Skinner failed to exhaust his administrative remedies prior to filing suit. Under the Prison Litigation Reform Act, prisoners must exhaust any available administrative remedies prior to filing suit under § 1983. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). Skinner's available remedies are found in section 47-5-801 of the Mississippi Code, which

> grants the Mississippi Department of Corrections ("MDOC") the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") "through which an offender may seek formal review of a complaint relating to any aspect of their incarceration."

*Threadgill v. Moore*, No. 3:10cv378-TSL-MTP, 2011 WL 4388832, at *3 (S.D. Miss. July 25, 2011) (quoting MDOC Inmate Handbook, Ch. VIII, ¶ 3); *see also Wilson v. Epps*, 776 F.3d 296, 300 (5th Cir. 2015) (describing MDOC grievance process). In order to exhaust his administrative remedies, a Mississippi inmate must "pursue the [ARP process] to conclusion." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Arnold produced the only ARP grievance Skinner filed related to the incidents forming the basis of this lawsuit. ARP Records [36-1]. At the *Spears* hearing, Skinner confirmed that he filed no other grievances. The ARP discusses the April 11, 2015 shakedown at which Skinner says he was beaten, as well as the subsequent handling of the RVR. But the allegations against Arnold—that he assaulted Skinner while he was being transported back to CMCF from CMMC on April 11, 2015—are not included in the grievance. So Skinner did not exhaust his

4

administrative remedies with respect to his claims against Arnold. Arnold's motion for summary judgment is granted, and the claims against Arnold are dismissed without prejudice.

      B.      King, Ladner, and Brooks's Motion (and the other Defendants' Partial Joinder)

           1.      Official-Capacity Claims

Defendants Health, Henderson, Lonie, and Spann join in King, Ladner, and Brooks's motion to the extent it seeks summary judgment on any official-capacity claims asserted against them. Any official-capacity claims asserted against these MDOC employees are effectively claims against the State of Mississippi. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Defendants therefore argue that they are entitled to sovereign immunity on the official-capacity claims. The Court agrees.

Because MDOC is an arm of the state, its employees are generally entitled to sovereign immunity, assuming the state has not waived it. *See Kermode v. Univ. of Miss. Med. Ctr.*, 496 F. App'x 483, 487 (5th Cir. 2012) ("[T]he official-capacity . . . defendants are state entities entitled to invoke sovereign immunity against suits by individuals in federal court."); *Williams v. Miss. Dep't of Corrections*, No. 3:12cv259-CWR-FKB, 2012 WL 2052101, at *1 (S.D. Miss. June 6, 2012) ("MDOC is considered an arm of the State of Mississippi."). The State of Mississippi has not waived its sovereign immunity. *Jones v. Tyson Foods, Inc.*, 971 F. Supp. 2d 671, 679 (N.D. Miss. 2013) ("The Mississippi Tort Claims Act expressly preserves the State's Eleventh Amendment immunity on claims brought in federal court." (citing Miss. Code Ann. §§ 11-46-3(1), 11-46-5(4))). And *Ex parte Young* does not apply because Skinner does not "allege[] an ongoing violation of federal law [or] seek[] relief properly characterized as prospective." *Cantu Servs., Inc. v. Roberie*, 535 F. App'x 342, 344–45 (5th Cir. 2013) (citations and internal

5

quotation marks omitted). Defendants are entitled to sovereign immunity on the official-capacity claims against them.

2. Individual-Capacity Claims

King, Ladner, and Brooks assert that qualified immunity bars the individual-capacity claims against them. As the Fifth Circuit recently summarized:

> [T]he doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal. This immunity protects all but the plainly incompetent or those who knowingly violate the law. Accordingly, we do not deny immunity unless existing precedent must have placed the statutory or constitutional question beyond debate. The basic steps of this court's qualified-immunity inquiry are well-known: a plaintiff seeking to defeat qualified immunity must show: (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.

*Anderson v. Valdez*, 845 F.3d 580, 599–600 (5th Cir. 2016) (citation and quotation marks omitted, punctuation altered).

"If the defendant's conduct did not violate [the] plaintiff's constitutional rights under the first prong, . . . he is entitled to qualified immunity." *Blackwell v. Laque*, No. 07-30184, 2008 WL 1848119, at *2 (5th Cir. Apr. 24, 2008). If the defendant did violate the plaintiff's constitutional rights, "the court then asks whether qualified immunity is still appropriate because the defendant's actions were 'objectively reasonable' in light of 'law which was clearly established at the time of the disputed action.'" *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (quoting *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004)). With this framework in mind, the Court considers whether Skinner has met his burden with respect to the claims against King, Ladner, and Brooks.

a. King

Skinner says that King ordered the April 11, 2015 shakedown during which he was beaten. In particular, he says that King ordered the shakedown as a means of confiscating cell phones in inmates' possession. At the *Spears* hearing, Skinner clarified that he was not contending that King ordered anything else with respect to the shakedown; Skinner does not claim that King ordered anyone to assault him.

The Court agrees with King that merely ordering a shakedown of Skinner's housing unit, in order to confiscate contraband, does not constitute a violation of Skinner's constitutional rights. The Supreme Court has upheld shakedowns in the face of Fourth Amendment claims, noting that "routine shakedowns of prison cells are essential to the effective administration of prisons." *Hudson v. Palmer*, 468 U.S. 517, 529 (1984). And Skinner presents no evidence suggesting that, under the circumstances, King's mere ordering of a shakedown violated Skinner's rights under the Eighth Amendment. *See id.* (explaining that, where a shakedown is undertaken "for calculated harassment unrelated to prison needs," an inmate may have a claim under the Eighth Amendment). Because Skinner has not established that King violated his constitutional rights, King is entitled to qualified immunity and summary judgment.

b. Ladner and Brooks

Skinner's claims against Ladner and Brooks relate to their handling of the RVR against him. In particular, Skinner alleges that Brooks improperly found him guilty of the RVR and that Ladner improperly denied his appeal from that guilty finding. Claims based on false RVRs, "standing alone . . . , do[] not state a deprivation of due process. 'The constitution demands due process, not error-free decision-making . . . .'" *Collins v. King*, 743 F.2d 248, 253–54 (5th Cir. 1984) (quoting *McRae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983)). Moreover, to establish a

7

due-process claim, Skinner has to show a "protected liberty . . . interest" requiring due process. *Jordan v. Fisher*, 823 F.3d 805, 810 (5th Cir. 2016). Skinner's loss of privileges for 60 days did not deprive him "of a cognizable liberty interest." *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (explaining that "30 day commissary and cell restrictions as punishment are in fact merely changes in the conditions of [inmate's] confinement and do not implicate due process concerns"). Nor does a loss of privileges give rise to a claim under the Eighth Amendment. *See Hamilton v. Lyons*, 74 F.3d 99, 106 n.8 (5th Cir. 1996) (concluding the "denial of visitation, telephone, recreation, mail, legal materials, sheets, and showers for a three-day period . . . do not constitute cruel and unusual punishment"). Skinner has not shown that Ladner or Brooks violated his constitutional rights, so those Defendants are likewise entitled to qualified immunity and summary judgment.

IV. Conclusion

The Court has considered all arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Carl Arnold's Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies [36] is granted, and the claims against him are dismissed without prejudice. Latasha Brooks, Ron King, and Brian Ladner's Motion for Summary Judgment [43] is granted, and the claims against them are dismissed with prejudice. Defendants Carl Arnold, Anthony Health, Frederick Henderson, Daniel Lonie, and Aaron Spann's Joinder [45] in Defendants' Motion is also granted. The official-capacity claims against those defendants are dismissed with prejudice.

**SO ORDERED AND ADJUDGED** this the 19th day of April, 2017.

                                                 s/ *Daniel P. Jordan III*
                                                 UNITED STATES DISTRICT JUDGE